# Exhibit A

## STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

⁂ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2019RCSC01214**
PATRICIA W. BOOKER
NOV 25, 2019 11:06 AM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2019RCSC01214

Walker, Brannon

**PLAINTIFF**                                    VS.

Delozier, James
Satterfield Logistics, Inc.
Cherokee Insurance Company

**DEFENDANTS**

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Michael Walker**
> **Piasta Newbern Walker, LLC**
> **3301 Windy Ridge Parkway**
> **Suite 110**
> **Atlanta, Georgia 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of November, 2019.**

Clerk of State Court

*Hattie Holmes Sullivan*

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**

PATRICIA W. BOOKER
NOV 25, 2019 11:06 AM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE STATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

BRANNON J. WALKER,                    )
                                      )
        Plaintiff,                    )        CIVIL ACTION
                                      )        FILE NO: _____
                                      )
v.                                    )
                                      )        JURY TRIAL DEMANDED
CHEROKEE INSURANCE COMPANY,           )
SATTERFIELD LOGISTICS, INC.; and      )
JAMES DELOZIER,                       )
                                      )
        Defendants.                   )

## COMPLAINT

COMES NOW Plaintiff Brannon J. Walker and files his Complaint against Defendants, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Brannon J. Walker ("Walker") is a Georgia citizen and resident of Ashburn, Turner County, Georgia.

2.

Defendant Cherokee Insurance Company ("Cherokee") is an insurance company authorized to do business in the State of Georgia, and it insured Satterfield Logistics, Inc. and James Delozier at all times relevant to this case. Cherokee is subject to suit by direct action under O.C.G.A. §§ 40-1-112, 4-2-140.

3.

Jurisdiction and venue are proper as to Cherokee.

1

4.

Cherokee has been properly served with process in this action.

5.

Satterfield Logistics, Inc. ("Satterfield Logistics") is a motor carrier. Satterfield Logistics may be served through its registered agent, Jared Satterfield, 6133 Silver Fox Trial, Morristown, Tennessee 37814.

6.

Jurisdiction and venue are proper as to Satterfield Logistics.

7.

Satterfield Logistics has been properly served with process in this action.

8.

Defendant James Delozier ("Delozier") may be served at his personal residence located at 3212 Proffitt Heights Circle, Dandridge, Tennessee 37725.

9.

Jurisdiction and venue are proper as to Delozier.

10.

Delozier has been properly served with process in this action.

11.

Because Satterfield Logistics is a motor carrier, and the collision at issue occurred in Richmond County, Georgia, venue is proper in Richmond County under O.C.G.A. § 40-1-117(b).

## OPERATIVE FACTS

12.

On August 13, 2018, Plaintiff Brannon J. Walker was asleep in the cabin of a tractor-trailer in a parking lot located at 1301 New Savannah Road, Augusta, Richmond County, Georgia.

13.

Around the same time, Defendant James Delozier was driving a tractor-trailer in the same parking lot and was trying to negotiate a turn next to Walker's tractor-trailer. Delozier negligently misjudged his clearance and struck Walker's tractor-trailer.

14.

The impact caused Walker to fall out of the bed. The fall caused injuries to Walker, including his shoulder.

15.

Delozier was at fault for causing the collision.

16.

Walker did not cause or contribute to the collision.

17.

Walker sustained injury in the collision.

18.

It was reasonable for Walker to seek medical treatment as a result of the

collision.

19.

At the time of the collision, Delozier was driving a tractor-trailer on behalf of Satterfield Logistics and was acting in the course and scope of his employment.

LEGAL CLAIMS

20.

Defendant Delozier owed Walker a duty to exercise ordinary care in the operation of his vehicle, and he negligently breached that duty of care, which proximately caused injury to Plaintiff.

21.

Defendant Delozier's negligence included, but is not limited to: negligently following too closely in violation of O.C.G.A. § 40-6-49; failure to keep a proper lookout; negligently misjudging his clearance; failure to make a safe and timely application of brakes; failure to comply with the Federal Motor Carrier Safety Regulations; and all other acts of negligence that may be proven at trial.

22.

At the time and place of the collision, Plaintiff was not doing anything wrong to cause or contribute to the collision.

23.

At the time of the subject incident and all relevant times, Defendant Delozier was acting at the direction and under the control of Defendant Satterfield Logistics, was an agent and employee of Defendant Satterfield Logistics, operating Defendant's

4

truck in the course and scope of his employment, with Defendant Satterfield Logistic's permission. Therefore, Defendant Satterfield Logistics is vicariously liable for Defendant Delozier's acts and omissions.

24.

Defendant Delozier failed to operate Defendant's truck with the due care exercised by individuals in like or similar circumstances and operated the truck in a manner showing a disregard for the safety of others, including Plaintiff.

25.

Defendants' actions constituted negligence in operating the motor vehicle contrary to the reasonable and safe conditions and circumstances then existing.

26.

Defendants' actions constituted negligence by engaging in a driving manner that was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

27.

Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of Defendants; truck as issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

28.

Because Defendant Satterfield Logistics knew or should have known of the negligence and dangerous conditions discussed herein, it is liable for the negligent

supervision, hiring, training, and retention of its management, agents and employees and the entrustment of said truck to said management, agents and employees.

29.

Defendants were negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

30.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and all applicable Federal motor carrier regulations.

31.

Defendants were and are negligent *per se.*

32.

Defendants were negligent for all other acts of negligence as may be shown at trial.

33.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence of the Defendants.

34.

But for the negligence of Defendants, Plaintiff would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, and other injuries and damages as proven at the trial of this matter.

35.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses from the injuries and will continue to incur expenses in the future, in an amount to be proven at trial.

36.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Past, present and future medical expenses, likely exceeding $30,000.00;

d) Economic losses;

e) Incidental expenses;

f) Loss of earning capacity;

g) Permanent injuries; and

h) Consequential damages to be proven at trial.

37.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above stated acts

7

were the proximate causes of the injuries to Plaintiff. The Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the state of Georgia.

38.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Cherokee is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of Defendants Delozier and Satterfield Logistics.

39.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense.  Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

**WHEREFORE**, the Plaintiff prays for the following:

a)  Process issue as provided by law;

b)  Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

c)  Plaintiff be awarded all general, special, compensatory, economic, punitive, attorneys' fees and expenses, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the

8

Defendants and as permitted under Georgia law;

d)  Plaintiff be awarded a trial by jury; and

e)  Plaintiff have such other relief as this Court deems just and appropriate

under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

Dated: November 22, 2019

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**

/s/ Michael P. Walker
MICHAEL P. WALKER
Georgia Bar No. 954678
EDWARD A. PIASTA
Georgia Bar No. 110161

3301 Windy Ridge Parkway,
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
Fax: (404) 996-1316

**MANISCALCO LAW, P.C.**

/s/ Joseph A. Maniscalco, Jr. (by MPW w/e/p)
JOSEPH A. MANISCALCO, JR.
Georgia Bar No. 468571

4651 Roswell Road NE
Suite B103
Atlanta, Georgia 30342
(404) 351-2711

≋ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2019RCSC01214**
PATRICIA W. BOOKER
NOV 25, 2019 11:06 AM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BRANNON J. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO: _____ |
| v. | ) | |
| | ) | |
| CHEROKEE INSURANCE COMPANY, | ) | |
| SATTERFIELD LOGISTICS, INC.; and | ) | |
| JAMES DELOZIER, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

TO:   EACH DEFENDANT & ANY INSURANCE COMPANY

Pursuant to O.C.G.A. 9-11-26, *et seq*., Plaintiff hereby requests that each

Defendant respond in writing and under oath, to the following interrogatories

within the time afforded by law, with a copy of the responses being served upon the

undersigned counsel of record for the Plaintiff at Piasta Newbern Walker, LLC,

3301 Windy Ridge Parkway,  Suite 110, Atlanta, Georgia 30339.

## DEFINITIONS AND INSTRUCTIONS

A.  These interrogatories shall be deemed continuing to the extent permitted

by O.C.G.A. 9-11-26, *et seq*., so as to require Defendants to serve upon all parties'

supplemental answers if Defendant or their attorneys obtain further information

between the time the answers are served and the time of trial.

B.  "Document," whether singular or plural, means documents and other

1

tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, video, and sound material, **whether in physical or electronic form**.

C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

## INTERROGATORIES

### 1.

Please state whether you admit that James Delozier negligently misjudged his clearance and caused or contributed to the subject collision. If your answer is anything other than an unqualified yes, please explain the factual and legal basis for your answer.

### 2.

State specifically and in detail when, where, and how you claim the collision happened that are the subject matter of Plaintiff's Complaint.

### 3.

If you contend that Brannon Walker was in any way at fault for the subject collision, please describe in detail the legal and factual basis for your contention and please identify all evidence, witnesses, and individuals you contend support your contention that Brannon Walker was at fault.

4.

Please provide the legal and factual basis for each and every defense you have asserted in this case, to include any defenses that jurisdiction or venue are improper, insufficiency of service of process, or any other basis for dismissal of this action or any of Plaintiff's claims as a matter of law.

5.

Please state when you first anticipated the litigation that is the subject matter of Plaintiff's Complaint, and please identify all individuals with knowledge of when you first anticipated litigation.

6.

Please identify each and every person or entity who investigated or reviewed any aspect of the subject collision or Brannon Walker's injuries and damages. For each such person identified, please state (1) when the investigation was conducted, (2) the outcome of the investigation, (3) whether there was any determination of fault, and (4) whether any corrective action was taken or recommended.

7.

Please identify each and every person or entity, including non-parties, whom to your knowledge, information, or belief caused or contributed to the subject collision, Plaintiff's injuries or damages, or is otherwise at fault or responsible (such as vicarious liability or respondeat superior) for the collision. For each person or entity identified, please specify the person's or entity's acts or omissions that caused

or contributed to the subject collision or Plaintiff's injuries and damages, or other reasons such as the driver was operating in the course and scope of his or her employment. (Also see O.C.G.A. § 51-12-33.)

8.

On August 13, 2018, and at the time of the subject collision, was James Delozier employed by or driving the subject truck on behalf of any employer, person, or entity; using any other person's or entity's U.S. DOT authority; or operating the subject truck with anyone else's permission? If so, please identify the entity or person that employed Mr. Delozier, gave him permission to operate the tractor-trailer, or for whom he was driving before or during the subject collision.

9.

Please identify any and all insurance, including excess or umbrella coverage or coverage by any other description (med-pay, etc.), which does or may afford insurance coverage to you for the claims made in this lawsuit, including the name of each insurance company, the applicable coverage, the insured(s) under each policy, and whether you have received any type of reservation of rights letter regarding coverage.

10.

Please identify the persons or entities who in any way owned, leased or operated the vehicles referred to in the Complaint at the time of the incident. If the vehicles involved in the subject incident belong to someone other than this

4

Defendant, please explain the circumstances under which the vehicle came into the possession of the operator, the purpose for which the vehicle was being used, its destination, and under whose authority was it operating.  If the ownership changed at any time since said occurrence, please identify every subsequent person or entity every subsequent person or entity.

11.

Please state whether the subject truck was equipped with an event data recorder ("EDR"), "black box," Qualcomm device, electronic logging device, GPS device, XataNet system, or any other fleet system, data recorder, or trip monitoring device. If so, please describe the device, whether any person or entity undertook an effort to preserve or download data or information from the device, the present location of any such data from the device, and what the data purports to show.

12.

Please state all wrecks and traffic offenses of any nature James Delozier has been involved in, both before the subject incident, after the subject incident, and including this subject incident, and whether Mr. Delozier received a citation or a work reprimand or any other adverse action or counseling for each wreck and/or traffic offense.  For each such wreck or offense, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

13.

If you have ever been arrested for, pled guilty to, pled *nolo contendere* to, bond forfeiture, or have been found guilty of any crime or traffic offense, please state the nature of said crime or traffic offense, the date, county, and state in which was tried and entered the plea, and the sentence given.

14.

If in the twenty-four (24) hours immediately preceding the occurrence complained of, you consumed any alcoholic drink or had taken any drugs, pain killers, tranquilizers, stimulant, sleeping pill, or other form of medication or intoxicant, whether legal or otherwise, please state the amount and the time and place where each such substance was consumed.

15.

Give the name, address, telephone number, and e-mail address of all individuals whom you believe may have knowledge regarding the incident giving rise to this lawsuit, Defendant's defenses, Plaintiff's claims, or any fact or circumstance regarding the incident giving rise to this lawsuit. For each witness, please state the following:

(a) Whether the witness investigated any aspect of the occurrence, which is the subject of this litigation, and whether each made a written record of the investigation;

(b) Whether the witness was an eyewitness to the incident;

(c) Whether the witness is or was an employee of David Delozier's. If the witness is an employee of Defendant(s), state their job title, whether they were a manager or supervisor, and whether they were working at the time of the incident;

(d) If you obtained a statement (oral, written, recorded, court or deposition transcript, etc.) from any witness identified by you. If you did obtain a statement, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and the address of each person having possession, custody, or control of each statement.

(e) A brief summary of what information or knowledge you believe the individual possesses.

16.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. With respect to each person, please state:

(a)    the specific subject matter on which you expect such expert to testify.

(b)    the substance of the facts, opinions, and conclusions which you expect such expert to testify.

(c)    the grounds for each such opinion or conclusion.

(d)    whether any of such persons have prepared or provided you with a

7

written or recorded statement, or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds of their opinions or conclusions. If so, state the date of each such report or statement, and the names and addresses of all persons who have a copy of such report or statement.

(e)     the name, business telephone number, and business address, of each person you retained or specially employed in the anticipation of litigation or preparation for trial whom you do not expect to call as a witness at the trial of the case.

(f)     whether the expert has ever been limited in the expert's ability to testify or ever been denied qualifications under a <u>Daubert</u> standard.

(g)     All materials, evidence, and documents the expert has reviewed, relied upon, consulted, and received in the course of developing his or her opinions and conclusions.

17.

Please identify each and every person who has any knowledge whatsoever concerning Plaintiff's health condition, mental condition, driving ability, physical fitness, or any other issue concerning Plaintiff's damages. For each such person, please state the person's full name, address, telephone number, and e-mail address, and provide a summary of what information or knowledge you believe that person to possess.

18.

Please identify each and every statement (whether oral, written, recorded, or otherwise) from any witness, Plaintiff, or any other individual concerning the subject collision or Plaintiff's claims or Defendants' defenses. For each statement identified, please state (1) when the statement was taken, (2) the content of the statement, (3) the current location and custodian of the statement, and (4) who took the statement.

19.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE:  You need not describe any document that was produced <u>and</u> specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

20.

Please describe the route for the trip at issue: including the point of origin, the destination, the reason for the trip, the route chosen to reach the destination and the person who prepared the route, the times of dispatch, any stops made prior to arriving at the destination, the contents of your truck, the total weight of the load

James Delozier was carrying, and at whose request James Delozier was driving the truck at the time of the incident described in Plaintiff's Complaint.

21.

Please state the make, year, weight, and model of the vehicle you were operating during the incident, please identify the last date preceding the incident on which the brakes and tires were replaced or repaired on the tractor and trailer, the date and time of each and every inspection, and identify all mechanical repairs or services to the tractor and truck preceding the crash.  For each such service or inspection performed on the tractor-trailer, identify how the work/inspection was performed, who performed it, and the results of any inspection.

22.

Please identify and describe all policies, procedures, manuals, guidelines, industry sources, books, videos, tapes, or other writings that James Delozier used, referred to, or relied upon for the safe operation and parking of commercial motor vehicles such as the tractor-trailer at issue.

23.

Please describe any criticisms or complaints that James Delozier has ever received concerning the operation or parking of his tractor-trailer or any other commercial vehicle prior to the subject collision; identify the person or entity who made the complaint or criticism; the outcome of the complaint or criticism; and state whether any action was taken in response to the criticism or complaint.

24.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

25.

Please identify all cellular phone numbers and/or "Nextel-type" numbers and names of carriers for all cell phones, owned, issued, in the possession of, or provided/entrusted for an operator involved in the collision at any time at issue.

26.

List your employment for the past ten (10) years, giving the name and address of each employment, the period of each employment and the general nature of the job.

27.

Please identify each and every document, electronically stored information, or other tangible piece of evidence that was responsive to Plaintiff's First Request for Production of Documents that has been lost, destroyed, or cannot be found. For each such document, ESI, or tangible piece of evidence, please state (1) when it was lost or destroyed, (2) who lost or destroyed it, and (3) the reasons it was lost or destroyed.

28.

Please describe in detail your efforts to locate documents, information, and evidence (including e-mail and electronically stored information) in response to Plaintiff's First Requests for Production of Documents and First Interrogatories. In your response, please state where you searched for documents (i.e, which records custodians); the search terms you used, if any; and the identity of every person who participated in locating responsive documents.

29.

Are you withholding any documents or evidence on the basis of a privilege or any other reason? If so, please describe the documents withheld with sufficient detail to allow Plaintiffs to assess the validity of the assertion of privilege or reason it was withheld, including (1) the author of the document, (2) the date of the document, (3) the subject matter of the document, (4) all individuals who have seen or received the document, and (5) who, if anyone, directed the creation of the document.

Dated: November 25, 2019.

[signature on following page]

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**

/s/ Michael P. Walker
MICHAEL P. WALKER
Georgia Bar No. 954678
Counsel for Plaintiff

3301 Windy Ridge Parkway,
Suite 110
Atlanta, Georgia 30339
T: (404) 996-1296
F: (404) 996-1316
E: mike@pnwlaw.com

**MANISCALCO LAW, P.C.**

/s/ Joseph A. Maniscalco, Jr. (MPW w/e/p)
JOSEPH A. MANISCALCO, JR.
Georgia Bar No. 468571
Co-Counsel for Plaintiff

4651 Roswell Road NE
Suite B103
Atlanta, Georgia 30342
T: (404) 351-2711
F: (404) 351-3233
E: jam@lawjamjr.com

13

EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**

PATRICIA W. BOOKER
NOV 25, 2019 11:06 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BRANNON J. WALKER, | ) |
| | ) |
| Plaintiff, | )    CIVIL ACTION |
| | )    FILE NO: _____ |
| v. | ) |
| | ) |
| CHEROKEE INSURANCE COMPANY, | ) |
| SATTERFIELD LOGISTICS, INC.; and | ) |
| JAMES DELOZIER, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:  EACH DEFENDANT & ANY INSURER

Pursuant to O.C.G.A. § 9-11-26 *et seq*., Plaintiff hereby requests that each Defendant respond, in writing to the following request for production of documents within the time afforded by law from, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Piasta Newbern Walker, LLC, 3301 Windy Ridge Road, Suite 110, Atlanta, Georgia 30339.

## DEFINITIONS AND INSTRUCTION

A.  This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by the Georgia Civil Practice Act, so as to require each Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or their attorneys obtain further information between the time the answers are served and the time of trial. Plaintiff also

requests that each Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material, **whether in physical or electronic form**.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E. If you object to part of a request, <u>please identify any documents withheld</u>. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F. If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including, but not limited, to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between any Defendant and Plaintiff, or any third person or entity relating to the incident or matters involved in this lawsuit, including, without limitation, all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration page or coverage page, and all applicable insurance policies, that may provide coverage or benefits to Defendants in connection with this occurrence, including any coverage available to any Defendant. (This request seeks each and every policy, including

excess or umbrella, that may provide coverage in any amount.)

5.

Copies of any and all documents and transcripts from any investigation, hearing, or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint. This request includes both internal and third-party investigations.

6.

Copies of the entire file, bills, all reports, memoranda, or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

Please provide all maintenance records, repair records, and inspection records for the vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the truck involved in the occurrence which is the subject matter of this civil action.

8.

Each document created, received, or submitted by you, or received or

submitted from law enforcement, the Federal Motor Carrier Safety Administration, Department of Transportation, or any other State, Federal, or municipal entity regarding any charges, citations, or investigation into this incident, Defendant Elder, the truck at issue, or required to be maintain by DOT/CFR regulations, FMCSA regulations, and/or Georgia's motor vehicle laws as it relates to Defendant Elder, the truck at issue.

9.

Any and all records of any kind that in any way pertain to Defendant Delozier, including but not limited to, his log books, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incident reports for this incident and any other collisions involving Defendant Delozier, his driving history, his medical history, his medical qualifications, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment, or his employment with Defendants.

10.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of Plaintiff's claims in this action or Defendants' defenses.

11.

Copies of all company policies and procedures pertaining to the operation of

your business, drivers, driving, inspection and maintenance of trucks, and any policies and procedures that in any way apply to, cover, or govern Defendant Delozier's hiring, training, retention, or employment generally.

12.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving one of Defendants' vehicles in the last five years.

13.

All documents that you receive in response to your Requests for Production of Documents to nonparties and open records requests.

14.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence, lack of jurisdiction over any Defendant, that there has been an insufficiency of service and/or process of service, including all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

15.

Please produce the certificate of title, and/or other proof of ownership, for the truck involved in the wreck that is the subject matter of this civil action.

16.

Copies of any and all of Defendants' reports, interoffice memoranda, emails, or other documents relating to matters which are the subject of this Complaint, the driver, the collision, or the vehicles at issue.

17.

Any report, correspondence, memorandum, or document prepared by any physician or other expert hired by you or your representatives to review and/or evaluate Plaintiff's injuries, damages and/or Plaintiff's damages.

18.

Please produce a copy of any cell phone records, data, and bills which reflect any calls or text messages made or received by Defendant Delozier for the forty-eight (48) hours before and after the incident at issue.

19.

Please produce any and all call logs, messages, letters, memoranda, or other documents detailing any calls or complaints you have received from motorists or any other person regarding Defendant Delozier.  By way of example, and not limited to, if the truck at issue displays a telephone number for motorists to call concerning the operation of the vehicle in question such as a "How's my driving?" number, please produce any documents generated as a result of any calls or complaints received by Defendants.

20.

Please gather, investigate, identify and produce all documents and <u>emails</u> relating to or referencing, or in any way that are relevant to any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue in this case, including but not limited to all emails relating to, referencing or in any way that are relevant to the wreck at issue, Defendant Delozier's employment, Defendant Delozier's driving, training, job performance and/or reprimands. Please include the date, recipients, and authors, along with an identification and description of the email. If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an in-camera inspection, if needed. Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

21.

Please produce all documents regarding:

(a) Defendant Delozier's daily logs for the day of the accident and the eight-day period preceding the accident;

(b) Defendant Delozier's daily inspection reports for the day of the accident and the eight-day period preceding the accident;

(c) Any inspection reports for the vehicle involved in this accident;

(d) Maintenance, inspection and repair records or work orders on the vehicle

involved in this accident for the day of the accident and for the life of the vehicle preceding the accident;

(e) Annual inspection report for the vehicle involved in this accident covering the date of the accident;

(f) Defendant Delozier's complete driver's qualification file, including but not limited to: application for employment, CDL license, driver's certification of prior traffic violations, driver's certification of prior accident, driver's employment history, inquiry into driver's employment history, pre-employment MVR, annual MVR, annual review of driver history, certification of road test, medical examiner's certificate, drug testing records, HAZMAT or other training documents, or any document referencing the driver at issue in any respect, or the location of the vehicle involved in this incident;

(g) Photographs of the vehicle involved in this accident or the accident scene,

(h) All documents related to the purchase, sale, conversion or modification of the vehicle,

(i) Defendant Delozier's post-accident alcohol and drug testing results;

(j) Any lease contracts or agreements covering Defendant Delozier or the vehicle involved in this accident;

(k) Any interchange agreements regarding the vehicle involved in this accident;

(l) Any printout from on-board recording devices, including but not limited to

an on-board computer, tachograph, trip monitor, Teletrack device, Qualcomm, trip recorder, trip master, "black box," ECM or other recording device for the day of the accident and the six month period preceding the accident;

(m) Any post-accident maintenance, inspection or repair records or invoices in regard to the vehicles at issue;

(n) Any weight tickets, fuel receipts, hotel bills, or other records of expenses regarding Defendant Delozier or the vehicle involved in this collision for the day of the accident and the eight-day period preceding the accident;

(o) Any trip reports or dispatch records regarding Defendant Delozier or the vehicle involved in this collision for the day of the accident and the eight-day period preceding this accident;

(p) Any e-mails, electronic messages, letters, memos, or other documents concerning this accident;

(q) The accident register maintained by the motor carrier as required by federal law for the one-year period and five years preceding this accident;

(r) Any driver's manuals, guidelines, rule or regulations given to drivers;

(s) Any reports, memos, notes, logs or other documents evidencing complaints about David Delozier;

(t) Any DOT or PSC reports, memos, notes or correspondence concerning Defendant Delozier or the vehicle involved in this accident;

(u) Any downloadable electronic data from the vehicle's engine regarding the

speed of the vehicle or the operation of the vehicle for the six-month period preceding the accident;

(v) All records, contracts, and any other documents related to and/or concerning the incident involving Plaintiff;

(w) All records, contracts, and any other documents related to and/or concerning Defendant Delozier and/or the vehicle driven by Defendant Delozier;

(x) Any document involving this event;

(y) A complete list of all passengers for the trip at issue;

(z) The common carrier agreement, billing documents, or any document regarding your being hired for the event at issue;

(aa) All records of any kind related to the last time fuel was put into the subject vehicle before the incident at issue;

(ab) All records of any kind related to the number of miles the subject vehicle traveled since the last time it received fuel before the subject collision;

(ac) All emails or electronic date of any nature involving this event.

22.

All "driver log audit" data, reports, or other document, whether in physical or electronic form, concerning Defendant Delozier's driver's logs or driving history for the last five years, including but not limited to, results of any driver log audit conducted by any defendant of Defendant Delozier.

23.

Any document or thing that in anyway relates or refers to Plaintiff's physical, mental, and/or emotional condition at any point during or following the incident at issue in Plaintiff's Complaint.

24.

All documents, records, equipment, compliance recording devices, and things of any kind related to any of Defendant Delozier's sleeping and/or fatigue conditions, including but not limited to, chronic fatigue, sleep apnea, narcolepsy, insomnia, or any other fatigue or sleeping disorders.  This request includes, but is not limited to, all medical records, prescriptions, treatment plans, information papers/brochures, warnings or advisories, employment records and applications, qualification records, employment counseling statements, policies and procedures, progress reports, or any other document, record, or thing related to said conditions.

25.

All data of any kind from Defendant Delozier's CPAP machines.  PLEASE TAKE NOTICE, all data and hard drives in/from the machine and any recording devices shall be preserved so Plaintiff has a meaningful opportunity to inspect the data.

26.

All emails exchanged between Defendants' agents, officers, managers, employees, or anyone acting on Defendants' behalf regarding any of the facts,

people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue, any Defendant, the vehicles at issue at issue. This request includes but is not limited to all emails relating to, referencing or in any way that are relevant to the wreck at issue, Defendant's employment, Defendant's driving, training, job performance and/or reprimands. Please include the date, recipients, and authors, along with an identification and description of the email. If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an in-camera inspection, if needed. Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

You are hereby requested to comply with said Georgia Civil Practice Act by producing and permitting Plaintiff's attorneys to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to Piasta Newbern Walker, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30361.

Dated: November 25, 2019

[signatures on following page]

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**


/s/ Michael P. Walker
MICHAEL P. WALKER
Georgia Bar No. 954678
Counsel for Plaintiff

3301 Windy Ridge Parkway,
Suite 110
Atlanta, Georgia 30339
T: (404) 996-1296
F: (404) 996-1316
E: mike@pnwlaw.com


**MANISCALCO LAW, P.C.**


/s/ Joseph A. Maniscalco, Jr. (MPW w/e/p)
JOSEPH A. MANISCALCO, JR.
Georgia Bar No. 468571
Co-Counsel for Plaintiff

4651 Roswell Road NE
Suite B103
Atlanta, Georgia 30342
T: (404) 351-2711
F: (404) 351-3233
E: jam@lawjamjr.com

❦ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

2019RCSC01214

PATRICIA W. BOOKER
NOV 25, 2019 11:06 AM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA

Civil Action File No. 2019RCSC01214

| | | |
|---|---|---|
| **Walker, Brannon** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Judge: PATRICIA W. BOOKER |
| | ) | |
| **Delozier, James** | ) | |
| **Satterfield Logistics, Inc.** | ) | |
| **Cherokee Insurance Company** | ) | |
| **Defendants** | ) | |

## AMENDED STANDING ORDER FOR MEDIATION IN CIVIL CASES

In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient and inexpensive resolution of disputes and prosecutions," and pursuant to the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, this **Amended Standing Order for Mediation in Civil Cases** is hereby entered. As set forth herein, all contested civil matters filed in the State Court of Richmond County, **unless exempted** as set forth below, must be mediated in accordance with this Order.

**MEDIATION REQUIRED.**

Mediation is a prerequisite to placement of a case on a trial calendar and should occur after all responsive pleadings have been filed and discovery has been completed. Mediation shall be conducted in accordance with this Order and the rules of the Augusta Judicial Circuit (AJC) Alternative Dispute Resolution (ADR) Program.

The parties shall agree upon a mediator from the AJC roster of mediators registered by the Georgia Office of Dispute Resolution (http://godr.org/) who have been chosen for service in the AJC ADR Program. A copy of the roster is available at the AJC ADR Program website at www.augustaga.gov/1438/ADR. Should the parties fail to agree upon a mediator, the Court or the ADR Director will appoint one for them and may set the fee. Should the parties desire to use a mediator not on the AJC ADR Program roster, they may **petition the Court** to utilize any mediator **provided he/she is registered with the Georgia Office of Dispute Resolution in the appropriate category.** If approved, prior to mediation, Plaintiff shall notify the ADR Director in writing of the name of the mediator and the time and location of the mediation, and the mediator will be paid in accordance with the agreement with the mediator.

Parties shall contact the mediator directly and schedule the mediation. The plaintiff's counsel shall provide the date of the mediation and the name of the mediator selected on the Notice of Mediation Status (Attachment A hereto) by email or U.S. Mail to the ADR Director **prior to the scheduled session.** Unless otherwise agreed, the parties shall share the cost of the mediator equally and should be prepared to pay the mediator at the conclusion of the session. Any party unable to afford the cost of mediation may submit a Request for Fee Waiver or Fee Reduction, available on the AJC ADR website, to the AJC ADR office.

The parties and their counsel shall negotiate in *good faith* to resolve all issues in the case with the mediator. Within *seven* calendar days after mediation the parties shall notify the ADR Director whether mediation was successful by completing and submitting to the ADR Director a copy of the Attestation Form (Attachment B hereto). In the absence of settlement, the parties lose none of their rights to a final hearing or trial.

2

Compliance with this Order does not require the parties to reach a settlement. The mediator has no authority to compel settlement. Any settlement is entirely voluntary.

**APPEARANCE.**

The presence of parties at all mediation conferences is required unless the court excuses attendance for good cause shown. The requirement that a party appear at a mediation conference is satisfied if the following persons are physically present:

    (a)    The party and/or:

        (1)    The party's representative who has:

            (i)    Full authority to settle without further consultation; and

            (ii)    A full understanding of the dispute and full knowledge of the facts;

        (2)    A representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultation, except that telephone consultations with persons immediately available are permitted. Appearance of an insurance carrier's representative by telephone is permitted only if all parties agree.

**DISCRETIONARY EXEMPTIONS.**

Any party may petition the court to exempt the case from mediation by filing a Mediation Exemption Petition, a copy of which shall also be provided to the ADR Director. An exemption from mediation may be requested for the following reasons:

    (1)    The issue(s) to be considered has been previously mediated by a mediator registered with the Georgia Office of Dispute Resolution;

    (2)    The issue(s) presents a question of law only;

    (3)    Good cause shown before the judge to whom the case is assigned.

Any exemption shall be within the discretion of the court.

3

## MANDATORY EXEMPTIONS.

The following shall be exempt from mediation except upon petition of all parties or upon *sua sponte* motion of the Court:

      (a)     Appeals from rulings of administrative agencies;

      (b)     Forfeitures of seized properties;

      (c)     Bond validations; and

      (d)     Declaratory relief.

## CONFIDENTIALITY AND PRIVILEGE.

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations. All submissions provided to a registered mediator, discussions, representations, and statements made in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law. Parties and neutrals acting in a court-annexed or court-referred ADR process are entitled to these confidentiality and immunity protections. (Supreme Court ADR Rule 6.1 and 6.2.) Non-registered mediators do not have the confidentiality or immunity protections provided by the Supreme Court of Georgia.

## ATTESTATION OF MEDIATION PARTICIPATION OR EXEMPTION.

Prior to requesting a pretrial conference or trial date, the requesting party is directed to submit a file stamped copy of the Attestation Form filed with the Clerk of Court to the ADR Director. Failure to attest will result in continuance of the matter until compliance is demonstrated.

## EFFECTIVE DATE OF ORDER

This Order shall become effective January 25, 2018, and shall apply to all civil cases, including existing cases, except those exempted as described above.

**SO ORDERED** this _____ day of _____, 20____.


_____
Honorable David D. Watkins, Chief Judge
State Court of Richmond County, Georgia

# IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA

## CIVIL ACTION FILE NO. _____

_____,          )
        PLAINTIFF,              )
                                )
VS.                             )
                                )
_____,          )
        DEFENDANT.              )

## NOTICE OF MEDIATION STATUS
### (Attachment A)

☐   I do hereby confirm that the parties in the above-styled action have selected and

   agreed to the following registered mediator:

          Mediator's Name:_____

          Date of Mediation:_____

☐   Parties request a mediator be assigned by the AJC ADR Program.

☐   Case Dismissed/Case Settled prior to mediation.

☐   Mediation exemption granted. (See copy attached.)

This _____ day of _____, 20____.

                                      _____
                                      Plaintiff's Counsel

                                      Printed Name: _____

6

IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA

CIVIL ACTION FILE NO. _____

_____,    )
         PLAINTIFF,    )
                      )
VS.                      )
                      )
_____,    )
         DEFENDANT.    )

## ATTESTATION FORM
### (Attachment B)

I do hereby attest that the parties in the above-styled action have:

☐ **Attended Mediation:**

    Date:_____

    Mediator's Name:_____

    Outcome:_____

☐ Case Dismissed/Case Settled prior to mediation.

☐ **Granted an Exemption** (See copy attached.)

This _____ day of _____, 20____.

                                   _____

                                   Requesting Party's Signature

                                   Printed Name: _____

Sworn to and subscribed before me,
this _____ day of _____, 20____.

_____
Notary Public
My Commission Expires:_____

7

## General Civil and Domestic Relations Case Filing Information Form

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**

PATRICIA W. BOOKER
NOV 25, 2019 11:06 AM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

☐ Superior or ☑ State Court of _____Richmond_____ County

**For Clerk Use Only**

Date Filed __11-25-2019__          Case Number __2019RCSC01214__
          **MM-DD-YYYY**

**Plaintiff(s)**

Walker, Brannon

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Plaintiff's Attorney** ____Walker, Michael____

**Defendant(s)**

Delozier, James

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

Satterfield Logistics, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

Cherokee Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Bar Number** ____954678____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☑ Automobile Tort
- ☐ General Tort
- ☐ Contract
- ☐ Real Property
- ☐ Civil Appeal
- ☐ Habeas Corpus
- ☐ Restraining Petition
- ☐ Injunction/Mandamus/Other Writ
- ☐ Garnishment
- ☐ Landlord/Tenant
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Adoption
- ☐ Family Violence Petition
- ☐ Other Domestic Relations

**Post-Judgement – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony.
- ☐ Modification
- ☐ Administrative/Other

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
        **Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. §9-11-7.1.

☐ Is interpreter needed in this case? If so, provide the language(s) required. _____
                                                                  **Language(s) Needed**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

**AFFIDAVIT OF SERVICE**

📧 **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**

**PATRICIA W. BOOKER**
DEC 17, 2019 09:53 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

| Case: 2019RCSC01214 | Court: State Court of Richmond County, State of Georgia | County: , GA | Job: 4047692 (1746) |
|---|---|---|---|
| **Plaintiff / Petitioner:** Brannon J Walker | | **Defendant / Respondent:** Cherokee Insurance Company, Satterfield Logistics, Inc. and Jonathan Delozier | |
| **Received by:** Chilton Gibbs and Associates, LLC | | **For:** Piasta Newburn Walker LLC | |
| **To be served upon:** Cherokee Insurance Company c/o Doug Bennet, registered agent, | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Julie England, paralegal, 1355 Peachtree St NE 300, Atlanta, GA 30309-3208

**Manner of Service:**   Registered Agent, Dec 11, 2019, 2:44 pm EST

**Documents:**   Summons,Complaint, Plaintiffs First Interrogatories to Defendants,Plaintiffs First Request for Production of Documents, Amended Standing Order for Mediation in Civil Cases, Notice of Mediation Status, Attestation Form, (Received Dec 3, 2019 at 3:27pm EST)

**Additional Comments:**

1) Successful Attempt: Dec 11, 2019, 2:44 pm EST at 1355 Peachtree St NE 300, Atlanta, GA 30309-3208 received by Julie England, paralegal. accepted service for Doug Bennet who was not available

_____        12/16/19
Thomas David Gibbs III          Date

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

12/16/19                    11/25/22
Date                        Commission Expires

CRAIG BEAVER
NOTARY
EXPIRES
GEORGIA
NOV 25 2022
PUBLIC
GWINNETT COUNTY

## IN THE STATE COURT OF RICHMOND COUNTY
### STATE OF GEORGIA

IN RE:                                         )
THOMAS DAVID GIBBS, III                         )
                                               )
                                               )
                                               )

## APPOINTMENT OF THOMAS DAVID GIBBS, III AS PERMANENT PROCESS SERVER

Thomas David Gibbs, III filed an application to be appointed as a permanent process server for the State Court of Richmond County, Georgia. Based upon the Application and affidavit of Thomas David Gibbs, III and for good cause shown, it is hereby

ORDERED, that Thomas David Gibbs, III is appointed as a permanent process server for actions filed in this Court in which he is not a party as provided by O.C.G.A. § 9-11-4 (c)(4); it is further

ORDERED, that this appointment should stay in force and effect unless and until it is voided by a lawful order of this Court; it is further

ORDERED, that the Clerk of the State Court shall enter this Order upon the minutes of the Court.

So ordered this 17th day of ___April___, 2019.

Judge, State Court of Richmond County

Order Prepared and Presented by:

TODD BOUDREAUX
Georgia State Bar No. 070023
THE BOUDREAUX LAW FIRM
493 FURY'S FERRY ROAD
AUGUSTA, GEORGIA 30907
(706) 869- 1334

**General Civil and Domestic Relations Case Filing Information Form**

✦ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2019RCSC01214**
**PATRICIA W. BOOKER**
**NOV 25, 2019 11:06 AM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

☐ Superior or ☑ State Court of _____Richmond_____ County

**For Clerk Use Only**

**Date Filed** ___11-25-2019___   **Case Number** ___2019RCSC01214___
        **MM-DD-YYYY**

| **Plaintiff(s)** | | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Walker, Brannon | | | | | | Delozier, James | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | | Satterfield Logistics, Inc. | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | | Cherokee Insurance Company | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | | | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** ___Walker, Michael___   **Bar Number** ___954678___   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☑ Automobile Tort
- ☐ General Tort
- ☐ Contract
- ☐ Real Property
- ☐ Civil Appeal
- ☐ Habeas Corpus
- ☐ Restraining Petition
- ☐ Injunction/Mandamus/Other Writ
- ☐ Garnishment
- ☐ Landlord/Tenant
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Adoption
- ☐ Family Violence Petition
- ☐ Other Domestic Relations

**Post-Judgement – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony.
- ☐ Modification
- ☐ Administrative/Other

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**        **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. §9-11-7.1.

☐ Is interpreter needed in this case? If so, provide the language(s) required. _____
                                **Language(s) Needed**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

**IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA**

**Civil Action File No. 2019RCSC01214**

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2019RCSC01214**
PATRICIA W. BOOKER
NOV 25, 2019 11:06 AM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

|  |  |  |
|---|---|---|
| **Walker, Brannon** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Judge: PATRICIA W. BOOKER** |
| | ) | |
| **Delozier, James** | ) | |
| **Satterfield Logistics, Inc.** | ) | |
| **Cherokee Insurance Company** | ) | |
| **Defendants** | ) | |

## AMENDED STANDING ORDER FOR MEDIATION IN CIVIL CASES

In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient and inexpensive resolution of disputes and prosecutions," and pursuant to the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, this **Amended Standing Order for Mediation in Civil Cases** is hereby entered. As set forth herein, all contested civil matters filed in the State Court of Richmond County, **unless exempted** as set forth below, must be mediated in accordance with this Order.

**MEDIATION REQUIRED.**

Mediation is a prerequisite to placement of a case on a trial calendar and should occur after all responsive pleadings have been filed and discovery has been completed. Mediation shall be conducted in accordance with this Order and the rules of the Augusta Judicial Circuit (AJC) Alternative Dispute Resolution (ADR) Program.

The parties shall agree upon a mediator from the AJC roster of mediators registered by the Georgia Office of Dispute Resolution (http://godr.org/) who have been chosen for service in the AJC ADR Program.  A copy of the roster is available at the AJC ADR Program website at www.augustaga.gov/1438/ADR.  Should the parties fail to agree upon a mediator, the Court or the ADR Director will appoint one for them and may set the fee.  Should the parties desire to use a mediator not on the AJC ADR Program roster, they may **petition the Court** to utilize any mediator **provided he/she is registered with the Georgia Office of Dispute Resolution in the appropriate category.**    If approved, prior to mediation, Plaintiff shall notify the ADR Director in writing of the name of the mediator and the time and location of the mediation, and the mediator will be paid in accordance with the agreement with the mediator.

Parties shall contact the mediator directly and schedule the mediation.  The plaintiff's counsel shall provide the date of the mediation and the name of the mediator selected on the Notice of Mediation Status (Attachment A hereto) by email or U.S. Mail to the ADR Director **prior to the scheduled session.**  Unless otherwise agreed, the parties shall share the cost of the mediator equally and should be prepared to pay the mediator at the conclusion of the session.  Any party unable to afford the cost of mediation may submit a Request for Fee Waiver or Fee Reduction, available on the AJC ADR website, to the AJC ADR office.

The parties and their counsel shall negotiate in ***good faith*** to resolve all issues in the case with the mediator.  Within ***seven*** calendar days after mediation the parties shall notify the ADR Director whether mediation was successful by completing and submitting to the ADR Director a copy of the Attestation Form (Attachment B hereto).  In the absence of settlement, the parties lose none of their rights to a final hearing or trial.

2

Compliance with this Order does not require the parties to reach a settlement.  The mediator has no authority to compel settlement.  Any settlement is entirely voluntary.

**APPEARANCE.**

The presence of parties at all mediation conferences is required unless the court excuses attendance for good cause shown.  The requirement that a party appear at a mediation conference is satisfied if the following persons are physically present:

(a)     The party and/or:

    (1)     The party's representative who has:

        (i)     Full authority to settle without further consultation; and

        (ii)     A full understanding of the dispute and full knowledge of the facts;

    (2)     A representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultation, except that telephone consultations with persons immediately available are permitted.  Appearance of an insurance carrier's representative by telephone is permitted only if all parties agree.

**DISCRETIONARY EXEMPTIONS.**

Any party may petition the court to exempt the case from mediation by filing a Mediation Exemption Petition, a copy of which shall also be provided to the ADR Director.  An exemption from mediation may be requested for the following reasons:

(1)     The issue(s) to be considered has been previously mediated by a mediator registered with the Georgia Office of Dispute Resolution;

(2)     The issue(s) presents a question of law only;

(3)     Good cause shown before the judge to whom the case is assigned.

Any exemption shall be within the discretion of the court.

3

**MANDATORY EXEMPTIONS.**

The following shall be exempt from mediation except upon petition of all parties or upon *sua sponte* motion of the Court:

(a)     Appeals from rulings of administrative agencies;

(b)     Forfeitures of seized properties;

(c)     Bond validations; and

(d)     Declaratory relief.

**CONFIDENTIALITY AND PRIVILEGE.**

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations.  All submissions provided to a registered mediator, discussions, representations, and statements made in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law.  Parties and neutrals acting in a court-annexed or court-referred ADR process are entitled to these confidentiality and immunity protections.  (Supreme Court ADR Rule 6.1 and 6.2.)  Non-registered mediators do not have the confidentiality or immunity protections provided by the Supreme Court of Georgia.

**ATTESTATION OF MEDIATION PARTICIPATION OR EXEMPTION.**

Prior to requesting a pretrial conference or trial date, the requesting party is directed to submit a file stamped copy of the Attestation Form filed with the Clerk of Court to the ADR Director.  Failure to attest will result in continuance of the matter until compliance is demonstrated.

## EFFECTIVE DATE OF ORDER

This Order shall become effective January 25, 2018, and shall apply to all civil cases, including existing cases, except those exempted as described above.

**SO ORDERED** this _____ day of _____, 20____.

_____
Honorable David D. Watkins, Chief Judge
State Court of Richmond County, Georgia

5

**IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA**

**CIVIL ACTION FILE NO. _____**


| | |
|---|---|
| _____, | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| _____, | ) |
| **DEFENDANT.** | ) |


**NOTICE OF MEDIATION STATUS**
**(Attachment A)**


☐   I do hereby confirm that the parties in the above-styled action have selected and

agree to the following registered mediator:

Mediator's Name: _____

Date of Mediation: _____

☐   Parties request a mediator be assigned by the AJC ADR Program.

☐   Case Dismissed/Case Settled prior to mediation.

☐   Mediation exemption granted. (See copy attached.)


This _____ day of _____, 20\_\_\_\_.


_____
Plaintiff's Counsel

Printed Name: _____

6

**IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA**

**CIVIL ACTION FILE NO. _____**


_____,        )
            **PLAINTIFF,**          )
                              )
**VS.**                          )
                              )
_____,        )
            **DEFENDANT.**          )


**ATTESTATION FORM**
**(Attachment B)**

I do hereby attest that the parties in the above-styled action have:

☐  **Attended Mediation:**

Date:_____

Mediator's Name:_____

Outcome:_____

☐  Case Dismissed/Case Settled prior to mediation.

☐  **Granted an Exemption** (See copy attached.)


This _____ day of _____, 20____.


_____
Requesting Party's Signature

Printed Name: _____

Sworn to and subscribed before me,
this _____ day of _____, 20___.

_____
Notary Public
My Commission Expires:_____

7

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**

**PATRICIA W. BOOKER**
**NOV 25, 2019 11:06 AM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2019RCSC01214

Walker, Brannon

_____

**PLAINTIFF**

**VS.**

Delozier, James
Satterfield Logistics, Inc.
Cherokee Insurance Company

_____

**DEFENDANTS**

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        **Michael Walker**
        **Piasta Newbern Walker, LLC**
        **3301 Windy Ridge Parkway**
        **Suite 110**
        **Atlanta, Georgia 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of November, 2019.**

        Clerk of State Court

_____

        Hattie Holmes Sullivan, Clerk
        Richmond County, Georgia

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**
**PATRICIA W. BOOKER**
**NOV 25, 2019 11:06 AM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER   2019RCSC01214

Walker, Brannon

_____

**PLAINTIFF**

**VS.**

Delozier, James
Satterfield Logistics, Inc.
Cherokee Insurance Company

_____

**DEFENDANTS**

## SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Michael Walker**
> **Piasta Newbern Walker, LLC**
> **3301 Windy Ridge Parkway**
> **Suite 110**
> **Atlanta, Georgia 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of November, 2019.**

Clerk of State Court

*Hattie Holmes Sullivan*

_____

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**
**PATRICIA W. BOOKER**
**NOV 25, 2019 11:06 AM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2019RCSC01214

Walker, Brannon

_____

**PLAINTIFF**

**VS.**

Delozier, James
Satterfield Logistics, Inc.
Cherokee Insurance Company

_____

**DEFENDANTS**

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Michael Walker**
**Piasta Newbern Walker, LLC**
**3301 Windy Ridge Parkway**
**Suite 110**
**Atlanta, Georgia 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of November, 2019.**

Clerk of State Court

*Hattie Holmes Sullivan*

_____

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Page 1 of 1

**AFFIDAVIT OF SERVICE**

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**
**PATRICIA W. BOOKER**
**JAN 23, 2020 09:35 AM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

| Case: 2019RCSC01214 | Court: State Court of Richmond County, State of Georgia | County: , GA | Job: 4187967 (1746) |
|---|---|---|---|
| Plaintiff / Petitioner: Brannon J Walker | | Defendant / Respondent: Cherokee Insurance Company, Satterfield Logistics Inc, and James Delozier | |
| Received by: Chilton Gibbs and Associates, LLC | | For: Piasta Newburn Walker LLC | |
| To be served upon: Satterfiled Logistics Inc c/o Process Agent Service Company, Inc, Christopher Meacham | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Christopher Meacham, 5704 Veterans Pkwy, Columbus, GA 31904-9004
**Manner of Service:** Registered Agent, Jan 21, 2020, 2:36 pm EST
**Documents:** Summons, Plaintiff's First Request for Admission to Defendants, Plaintiff's First Interrogatories to Defendants, Plaintiff's First Request for Production of Documents (Received Jan 15, 2020 at 8:32pm EST)

**Additional Comments:**
1) Successful Attempt: Jan 21, 2020, 2:36 pm EST at 5704 Veterans Pkwy, Columbus, GA 31904-9004 received by Christopher Meacham. Age: 60-65; Ethnicity: Caucasian; Gender: Male; Weight: 195; Height: 6'1"; Hair: White;

_Subscribed and sworn to before me by the affiant who is personally known to me._

Thomas David Gibbs III          Date   1/22/2020

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

Notary Public

Date   1/22/2020          Commission Expires   11/25/22

CRAIG B...
NOTARY
EXPIRES
GEORGIA
NOV 25 2022
PUBLIC
GWINNETT COUNTY

## IN THE STATE COURT OF RICHMOND COUNTY
### STATE OF GEORGIA

IN RE:                                      )
THOMAS DAVID GIBBS, III                     )
                                            )
                                            )
                                            )

## APPOINTMENT OF THOMAS DAVID GIBBS, III AS PERMANENT PROCESS SERVER

Thomas David Gibbs, III filed an application to be appointed as a permanent process server for the State Court of Richmond County, Georgia. Based upon the Application and affidavit of Thomas David Gibbs, III and for good cause shown, it is hereby

ORDERED, that Thomas David Gibbs, III is appointed as a permanent process server for actions filed in this Court in which he is not a party as provided by O.C.G.A. § 9-11-4 (c)(4); it is further

ORDERED, that this appointment should stay in force and effect unless and until it is voided by a lawful order of this Court; it is further

ORDERED, that the Clerk of the State Court shall enter this Order upon the minutes of the Court.

So ordered this 17th day of _____April_____, 2019.

_____
Judge, State Court of Richmond County

Order Prepared and Presented by:

_____
TODD BOUDREAUX
Georgia State Bar No. 070023
THE BOUDREAUX LAW FIRM
493 FURY'S FERRY ROAD
AUGUSTA, GEORGIA 30907
(706) 869- 1334

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**
**PATRICIA W. BOOKER**
**JAN 06, 2020 01:46 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

BRANNON J. WALKER **,**                                    :
                                                          :
            Plaintiff,                                    :
                                                          :
vs.                                                       :        Civil Action No. 2019RCSC01214
                                                          :
CHEROKEE INSURANCE COMPANY**,**                           :
SATTERFIELD LOGISTICS, INC., AND JAMES                    :
DELOZIER,                                                 :
                                                          :
            Defendants.                                   :
                                                          :
_____                :

## NOTICE OF APPEARANCE OF COUNSEL

COMES NOW Jeffrey W. Melcher of the law firm Wilson Elser Moskowitz Edelman and

Dicker LLP and hereby files this Notice of Appearance of Counsel on behalf of Defendants

Cherokee Insurance Company, Satterfield Logistics, Inc., and James Delozier.  Please direct all

future correspondences, pleadings, and other notices to:

Jeffrey W. Melcher, Esq.
Wilson Elser Moskowitz Edelman and Dicker LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, Georgia 30326
470-419-6650 (Main)
470-419-6659 (Fax)
Jeffrey.Melcher@wilsonelser.com

Respectfully submitted this 6th day of January, 2020.

                                                  **WILSON, ELSER, MOSKOWITZ,**
                                                  **EDELMAN & DICKER LLP**

                                                  */s/ Jeffrey W. Melcher*
                                                  Jeffrey W. Melcher
                                                  GA Bar No. 501180

3348 Peachtree Road, N.E.                         *Attorney for Defendants*
Suite 1400
Atlanta, Georgia 30326
(470) 419-6650 (Main)
(470) 419-6651 Fax
Jeffrey.melcher@wilsonelser.com

10433435v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing **NOTICE OF APPEARANCE OF COUNSEL** with the Clerk of Court by way of PeachCourt e-filing which will automatically send e-mail notification of such filing to all attorneys of record as follows:

Michael P. Walker
Edward A. Piasta
PIASTA NEWBERN WALKER, LLC
3301 Windy Ridge Parkway, Suite 110
Atlanta, GA 30339
mike@pnwlaw.com

Joseph A. Maniscalco
MANISCALCO LAW, P.C.
4651 Roswell Road NE, Suite B103
Atlanta, GA 30342
jam@lawjamjr.com

This 6th day of January, 2020.

*/s/ Jeffrey W. Melcher*
Jeffrey W. Melcher
GA Bar No. 501180

2

**EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2019RCSC01214**
**PATRICIA W. BOOKER**
**JAN 13, 2020 01:49 PM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE STATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

BRANNON J. WALKER,

   Plaintiff,

v.

CHEROKEE INSURANCE COMPANY,
SATTERFIELD LOGISTICS, INC., and
JAMES DELOZIER,

   Defendants.

CIVIL ACTION FILE NO
2019RCSC01214

**JURY TRIAL DEMANDED**

## RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW Defendant Cherokee Insurance Company, by and through counsel, hereby notifies the Court that on this day said Defendant served upon all parties to this matter with the following:

1. *Cherokee Insurance Company's First Interrogatories to Plaintiff Brannon J. Walker*

2. *Cherokee Insurance Company's First Requests for Production of Documents to Plaintiff Brannon J. Walker*

by Odyssey eFile GA, email and U.S. Mail to the following counsel of record:

<table>
<tr><td>Michael P. Walker<br>Piasta Newbern Walker, LLC<br>3301 Windy Ridge Parkway<br>Suite 110<br>Atlanta, Georgia 30339<br>mike@pnwlaw.com</td><td>Joseph A. Maniscalo, Jr.<br>Maniscalo Law, P.C.<br>4651 Roswell Road NE<br>Suite B103<br>Atlanta, Georgia 30342<br>jam@lawjamjr.com</td></tr>
<tr><td>*Attorney for Plaintiff*</td><td>*Attorney for Plaintiff*</td></tr>
</table>

Respectfully submitted this 13th day of January, 2020.

**WILSON, ELSER, MOSKOWITZ EDELMAN AND DICKER, LLP**

/s/ Devin P. Arnold

3348 Peachtree Road N.E.,
Suite 1400
Atlanta, Georgia 30326
Phone: (470) 419-6650
Facsimile: (470) 419-6651
jeffrey.melcher@wilsonelser.com
devin.arnold@wilsonelser.com

Jeffrey W. Melcher
Georgia Bar No. 501180
Devin P. Arnold
Georgia Bar No. 419908

*Attorneys for Defendants Cherokee Insurance Company, Satterfield Logistics, Inc. and James Delozier*

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**

**PATRICIA W. BOOKER**
**JAN 13, 2020 01:42 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE STATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

BRANNON J. WALKER,

     Plaintiff,

v.

CHEROKEE INSURANCE COMPANY,
SATTERFIELD LOGISTICS, INC., and
JAMES DELOZIER,

     Defendants.

CIVIL ACTION FILE NO
2019RCSC01214

**JURY TRIAL DEMANDED**

## ANSWER OF CHEROKEE INSURANCE COMPANY

COMES NOW, Defendant Cherokee Insurance Company, by and through undersigned counsel, and responds to Plaintiff's Complaint by filing its Answer and Affirmative Defenses, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6).

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of contributory and/or comparative negligence.

### THIRD DEFENSE

Defendant neither caused nor contributed to the alleged damages Plaintiff sustained from the incident underlying his Complaint, if any.

## FOURTH DEFENSE

The incident underlying Plaintiff's Complaint arises from a sudden emergency, and Plaintiff cannot, therefore, recover.

## FIFTH DEFENSE

No act or omission of Defendant or its agents or employees caused or contributed to the injuries alleged in Plaintiff's Complaint.

## SIXTH DEFENSE

Plaintiff's injuries, if any, were the result of the acts or omissions of a person or persons or entity or entities other than this Defendant.

## SEVENTH DEFENSE

Defendant denies that it was negligent or that it is liable to Plaintiff. However, in the event either of this Defendant is found liable, any damages awarded to Plaintiff are subject to apportionment under O.C.G.A. § 51-12-33.

## EIGHTH DEFENSE

Plaintiff was negligent and such negligence was equal to or greater than any alleged negligence on the part of this Defendant, and this Defendant specifically denies that it was negligent in any manner.

## NINTH DEFENSE

If Defendant acted or failed to act as alleged in the complaint, which Defendant specifically denies, there were separate and intervening acts or failures to act on the part of a person or entity other than Defendant that were the sole proximate cause of the damages or injuries, if any, alleged in the complaint.

## TENTH DEFENSE

Plaintiff's injuries, if any, were caused by non - parties over which Defendant had no control, and fault should accordingly be apportioned to such non - party(ies).

## ELEVENTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were not foreseeable to this Defendant. Further, any damages should be apportioned between any culpable parties, including Plaintiff.

## TWELFTH DEFENSE

To the extent this Defendant owed a duty of care to Plaintiff, which this Defendant denies, this Defendant did not breach that duty of care and was not on notice of anything that would cause injury to anyone.

## THIRTEENTH DEFENSE

Defendant exercised due care and diligence in all of the matters alleged in the Complaint, and no act(s) or omission(s) by Defendant were the proximate cause of any damage, injury or loss to Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's alleged injuries were the result of an avoidable accident, and not due to any negligence or breach of legal duty on the part of Defendant.

## FIFTEENTH DEFENSE

Plaintiff failed to exercise care, caution, or prudence for his own safety.

## SIXTEENTH DEFENSE

If any injuries or damages were sustained by Plaintiff as alleged in Plaintiffs Complaint, which is expressly denied, all such injuries or damages have been caused or were brought about, in whole or in part, by the affirmative wrongdoing, negligence, want    of care, omissions,

recklessness, intentional conduct, unlawful reckless conduct, failure to mitigate damages, or other culpable conduct, comparative negligence or contributory negligence of Plaintiff, without the affirmative acts of Defendant contributing thereto and, as a consequence thereof, Plaintiff's damages, if any, should be reduced or barred by the Plaintiff's comparative fault in causing the alleged damages.

SEVENTEENTH DEFENSE

Plaintiff had the last clear chance to avoid the accident and, therefore, Plaintiff is not entitled to recover damages for the accident.

EIGHTEENTH DEFENSE

Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of another party over which this Defendant had no control or right to exercise such control; therefore, Plaintiff's Complaint should be dismissed or Plaintiff's damages reduced accordingly.

NINETEENTH DEFENSE

Upon information and belief, Plaintiff failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

TWENTIETH DEFENSE

Defendant alleges, in the alternative, that Plaintiff's injures are indivisible injuries. To the extent that Plaintiff has received benefits from certain collateral sources and has been made whole, in any way, such recovery serves as a bar to recovery for any indivisible injury of Plaintiff.

<u>TWENTY-FIRST DEFENSE</u>

To the extent that Plaintiff has agreed not to sue or has compromised, settled or otherwise reached some arrangement with any other party, then such is a complete bar to this action as satisfaction thereof. In the alternative, should the Court this not to be a bar, the jury should be advised of the agreements of Plaintiff and any monetary amount s involved so that this Defendant can be credited with or receive an offset for said amounts Plaintiff has already received so as to prevent "double recovery" by Plaintiff.

<u>TWENTY-SECOND DEFENSE</u>

Plaintiff's Complaint, and each cause of action therein, fails to state facts upon which attorneys' fees can be awarded.

<u>TWENTY-THIRD DEFENSE</u>

Defendant hereby reserves the right to supplement its affirmative defenses.

**<u>PARTEIS, JURISDICTION AND VENUE</u>**

1.

Defendant is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, which therefore stand denied.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5. – 11.

Defendant is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in Paragraphs 5, 6, 7, 8, 9, 10, or 11 of Plaintiff's Complaint, which therefore stand denied.

## OPERATIVE FACTS

12. – 19.

Defendant is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in Paragraphs 12, 13, 14, 15, 16, 17, 18, or 19 of Plaintiff's Complaint, which therefore stand denied.

## LEGAL CLAIMS

20. – 24.

Defendant is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in Paragraphs 20, 21, 22, 23, or 24 of Plaintiff's Complaint, which therefore stand denied.

25. – 27.

Defendant denies that it was negligent. Defendant is without knowledge or information sufficient to allow it to form a belief as to the truth of the remaining allegations contained in Paragraphs 25, 26, or 27 of Plaintiff's Complaint, which therefore stand denied.

28.

Defendant is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint, which therefore stand denied.

29. – 35.

Defendant denies that it was negligent. Defendant is without knowledge or information sufficient to allow it to form a belief as to the truth of the remaining allegations contained in Paragraphs 29, 30, 31, 32, 33, 34, or 35 of Plaintiff's Complaint, which therefore stand denied.

36.

Denied.

37.

Defendant denies that it was negligent. Defendant is without knowledge or information sufficient to allow it to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint, which therefore stand denied.

38.

The terms of any applicable insurance policies speak for themselves.  Except as otherwise herein admitted, Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant Cherokee Insurance Company prays for the following relief:

a)  that the above stated defenses be inquired into and sustained;

b)  that judgment be entered against the Plaintiff;

c)  that all costs be taxed against the Plaintiff;

d)  that this Court enter such other and further relief as it deems just and proper; and

e)  that trial by a jury of twelve (12) be had.

Respectfully submitted this 13th day of January, 2020.

                                        **WILSON, ELSER, MOSKOWITZ**
                                        **EDELMAN AND DICKER, LLP**

                                        _/S/ JEFFREY W. MELCHER_
3348 Peachtree Road N.E.,               Jeffrey W. Melcher
Suite 1400                              Georgia Bar No. 501180
Atlanta, Georgia 30326                  Devin P. Arnold
Phone: (470) 419-6650                   Georgia Bar No. 419908
Facsimile: (470) 419-6651
jeffrey.melcher@wilsonelser.com         _Attorneys for Defendants Cherokee_
devin.arnold@wilsonelser.com            _Insurance Company, Satterfield Logistics,_
                                        _Inc. and James Delozier_

10447207v.1

IN THE STATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BRANNON J. WALKER, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO<br>2019RCSC01214 |
| CHEROKEE INSURANCE COMPANY,<br>SATTERFIELD LOGISTICS, INC., and<br>JAMES DELOZIER, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for all parties who have appeared in this action a copy of the foregoing *ANSWER OF CHEROKEE INSURANCE COMPANY* via e-mail and First Class United States Mail, which will serve the following counsel:

| | |
|---|---|
| Michael P. Walker | Joseph A. Maniscalo, Jr. |
| Piasta Newbern Walker, LLC | Maniscalo Law, P.C. |
| 3301 Windy Ridge Parkway | 4651 Roswell Road NE |
| Suite 110 | Suite B103 |
| Atlanta, Georgia 30339 | Atlanta, Georgia 30342 |
| mike@pnwlaw.com | jam@lawjamjr.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

Respectfully submitted this 13th day of January, 2020.

*/s/ Devin P. Arnold*
Devin P. Arnold

10447207v.1

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2019RCSC 01214

Date Filed 11/25/2019

Attorney's Address

_____

_____

_____

Name and Address of Party to Served

James Delorier

3212 Proffitt Heights Cir.

Dandridge, TN 37725

**EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCS01214**

**PATRICIA W. BOOKER**
JAN 16, 2020 10:30 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Superior Court ☐         Magistrate Court ☐
State Court ☑
Juvenile Court ☐

Georgia, Richmond COUNTY

Brannon J. Wa...

_____ Plaintiff

VS.

James Delorier

_____ Defendant

_____

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant James Delorier @ 12:00 personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 2 day of Jan , 2020.

DEPUTY                                    _____ #1166

**AFFIDAVIT OF SERVICE**

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2019RCSC01214**
**PATRICIA W. BOOKER**
**JAN 23, 2020 09:35 AM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

| Case: | Court: | County: | Job: |
|---|---|---|---|
| 2019RCSC01214 | State Court of Richmond County, State of Georgia | , GA | 4187967 (1746) |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| Brannon J Walker | Cherokee Insurance Company, Satterfield Logistics Inc, and James Delozier |

| Received by: | For: |
|---|---|
| Chilton Gibbs and Associates, LLC | Piasta Newburn Walker LLC |

| To be served upon: |
|---|
| Satterfiled Logistics Inc c/o Process Agent Service Company, Inc, Christopher Meacham |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Christopher Meacham, 5704 Veterans Pkwy, Columbus, GA 31904-9004

**Manner of Service:** Registered Agent, Jan 21, 2020, 2:36 pm EST

**Documents:** Summons, Plaintiff's First Request for Admission to Defendants, Plaintiff's First Interrogatories to Defendants, Plaintiff's First Request for Production of Documents (Received Jan 15, 2020 at 8:32pm EST)

**Additional Comments:**
1) Successful Attempt: Jan 21, 2020, 2:36 pm EST at 5704 Veterans Pkwy, Columbus, GA 31904-9004 received by Christopher Meacham. Age: 60-65; Ethnicity: Caucasian; Gender: Male; Weight: 195; Height: 6'1"; Hair: White;

_Subscribed and sworn to before me by the affiant who is personally known to me._

_____     1/22/2020
Thomas David Gibbs III        Date

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

Notary Public

1/22/2020          11/25/22
Date               Commission Expires

IN THE STATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

IN RE:                                )
THOMAS DAVID GIBBS, III               )
                                      )
                                      )
                                      )

## APPOINTMENT OF THOMAS DAVID GIBBS, III AS PERMANENT PROCESS SERVER

Thomas David Gibbs, III filed an application to be appointed as a permanent process server for the State Court of Richmond County, Georgia. Based upon the Application and affidavit of Thomas David Gibbs, III and for good cause shown, it is hereby

ORDERED, that Thomas David Gibbs, III is appointed as a permanent process server for actions filed in this Court in which he is not a party as provided by O.C.G.A. § 9-11-4 (c)(4); it is further

ORDERED, that this appointment should stay in force and effect unless and until it is voided by a lawful order of this Court; it is further

ORDERED, that the Clerk of the State Court shall enter this Order upon the minutes of the Court.

So ordered this 17th day of ___April___, 2019.

_____
Judge, State Court of Richmond County

Order Prepared and Presented by:

_____
TODD BOUDREAUX
Georgia State Bar No. 070023
THE BOUDREAUX LAW FIRM
493 FURY'S FERRY ROAD
AUGUSTA, GEORGIA 30907
(706) 869-1334