IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANNON J. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-015 |
| | ) | |
| CHEROKEE INSURANCE COMPANY; | ) | |
| SATTERFIELD LOGISTICS, INC.; and | ) | |
| JAMES DELOZIER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff alleges Defendants were negligent and liable for the injuries she received as a result of a motor vehicle accident. (Doc. no. 1-2.) Plaintiff alleges damages based on past, present, and future medical expenses and pain and suffering. (Id. at 2.) Plaintiff originally filed this action in the State Court of Richmond County, and Defendants filed a Notice of Removal on January 31, 2020, asserting diversity of citizenship and "in good faith aver that the amount in controversy exceeds $75,000." (Doc. no. 1, p. 4.) However, Plaintiff's complaint states damages are "likely exceeding $30,000." (See doc. no. 1-2, p. 9.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount

in controversy at the time the case was removed." Id.  Further, the burden of proving the jurisdictional amount lies with the removing defendant.  Id.

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).  Accordingly, the Court **ORDERS** Defendants to provide sufficient evidence **within fourteen days of the date of this Order** that the jurisdictional amount is in controversy.

SO ORDERED this 27th day of February, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA