IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANNON J. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-015 |
| | ) | |
| CHEROKEE INSURANCE COMPANY; | ) | |
| SATTERFIELD LOGISTICS, INC.; and | ) | |
| JAMES DELOZIER, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** Defendants' request for additional time to provide evidence be **DENIED**, (doc. no. 13), this case be **REMANDED** to the State Court of Richmond County, Georgia, based on lack of subject-matter jurisdiction, and this civil action be **CLOSED**.

**I.  BACKGROUND**

Plaintiff alleges Defendants were negligent and liable for the injuries he received as a result of a motor vehicle accident. (Doc. no. 1-2.) Plaintiff alleges damages based on past, present, and future medical expenses and pain and suffering. (Id. at 2.) Plaintiff originally filed this action in the State Court of Richmond County, and Defendants filed a Notice of Removal on January 31, 2020, asserting diversity of citizenship and averring "in good faith . . . that the amount in controversy exceeds $75,000." (Doc. no. 1, p. 4.) However, Plaintiff's complaint states damages are "likely exceeding $30,000." (See doc. no. 1-2, p. 9.)

On February 27, 2020, the Court ordered Defendants to provide sufficient evidence establishing the amount in controversy within fourteen days, after finding it is not facially apparent from the complaint Plaintiffs' claim exceeds the amount-in-controversy requirement. (Doc. no. 12.) In response, Defendants cite to Plaintiffs' complaint and the range of damages sought, including the request for past, present, and future medical expense likely exceeding $30,000. (Doc. no. 13, pp. 2.) Additionally, Defendants point to defense counsel's experience litigating personal injury claims from trucking accidents to support Defendants' good faith averment the amount in controversy exceeds $ 75,000. (Id.) Lastly, Defendants request additional time to provide the Court with conclusive evidence the amount in controversy exceeds $75,000. (Id. at 4.) Defendants also attach their for requests for admission to Plaintiff, which they argue will establish the amount in controversy. (Doc. no. 13-1.)

## II.     DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269

F.3d 1316, 1319-20 (11th Cir. 2001). Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754. That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted).

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show the amount in controversy exceeds $75,000. General requests for unspecified future medical expenses, loss of quality of life, punitive damages, and lost earnings provide no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. Pretka, 608 F.3d at 754. At most, Plaintiff's complaint only specifies medical expenses "likely" exceeding $30,000, which is speculative and $45,001 less than the required amount in controversy. (Doc. no. 1-2, p. 9.)

As to Defendants' request the Court allow additional time to prove the amount in controversy exceeds $75,000, Defendants' request should be **DENIED**. (Doc. no. 13.) "A

3

court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." See Pretka, 608 F.3d at 751.  Defendants cite no case, and the Court cannot find any, mandating Defendants be allowed additional time to obtain discovery information after removal to prove the amount in controversy.  Further, to the extent the Court has discretion to allow additional time for discovery, it declines to do so.

The alleged amount of $30,000 in past, present, and future medical expenses, when combined with Plaintiff's general damages plea in his complaint, does not establish by a preponderance of the evidence an amount in controversy exceeding $75,000.  This finding is in line with precedent.  See White v. Costco Wholesale Corporation, 2018 WL 4002562, at *2 (S.D. Ga. Aug. 22, 2018) (finding amount in controversy not met in slip and fall case where $54,298.10 in medicals and general damages plea); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by*, 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, C.J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by*, 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, C.J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand

4

letter for $125,000) but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and possibility of two future surgeries).

### III.   CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** Defendants' request for additional time to provide evidence be **DENIED**, (doc. no. 13), this action be **REMANDED** to the State Court of Richmond County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of March, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA